**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| CATINA BROWN | CIVIL ACTION |
| versus | NO. 14-1346 |
| JAMES ROGERS | SECTION: "C" (3) |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Catina Brown, is a state prisoner incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana. On March 3, 2010, she was convicted under Louisiana law of access device fraud of at least $300 but less than $500.[1] On March 30, 2010, she pleaded guilty to being a fourth offender and was sentenced as such to a term of twenty years imprisonment. It was ordered that her sentence be served without benefit of probation or suspension

---

[1] State Rec., Vol. IV of VI, transcript of March 3, 2010, p. 7; State Rec., Vol. II of VI, minute entry dated March 3, 2010; State Rec., Vol. II of VI, jury verdict form.

of sentence and that the first three years of the sentence be served without benefit of "good time."[2] On March 29, 2011, the Louisiana Fifth Circuit Court of Appeal affirmed her conviction, amended her sentence to remove the prohibition against the earning of "good time," and affirmed the sentence as amended.[3] The Louisiana Supreme Court then denied her related writ application on October 21, 2011.[4]

On or after February 28, 2013, petitioner filed an application for post-conviction relief with the state district court.[5] That application was denied on April 24, 2013.[6] Her related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on June 24, 2013,[7] and by the Louisiana Supreme Court on February 28, 2014.[8]

---

[2] State Rec., Vol. IV of VI, transcript of March 30, 2010; State Rec., Vol. II of VI, minute entry dated March 30, 2010; State Rec., Vol. II of VI, guilty plea form.

[3] State v. Brown, 63 So.3d 270 (La. App. 5th Cir. 2011) (No. 10-KA-617); State Rec., Vol. V of VI.

[4] State v. Brown, 73 So.3d 379 (La. 2011) (No. 2011-KO-0856); State Rec., Vol. II of VI.

[5] State Rec., Vol. II of VI. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to this state application, the Court will simply use the date the application was signed as the filing date, in that the application obviously was placed in the mail no earlier than the date it was signed.

[6] State Rec., Vol. II of VI, Order dated April 24, 2013.

[7] State v. Brown, No. 13-KH-463 (La. App. 5th Cir. June 24, 2013); State Rec., Vol. II of VI.

[8] State *ex rel.* Brown v. State, 134 So.3d 1168 (La. 2014) (No. 2013-KH-1809); State Rec., Vol. II of VI.

On or after May 23, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[9] In its response in this proceeding, the state argues that petitioner's federal application is untimely.[10] The state is correct.[11]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her underlying criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[12] Regarding finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

---

[9] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed her federal application on May 23, 2014; therefore, it obviously could not have been delivered to prison officials for mailing prior to that date.

[10] Rec. Doc. 8.

[11] Because the federal application is clearly untimely, the Court need not discuss the state's alternative grounds for dismissal.

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions setting forth other events which can trigger the commencement of the statute of limitations, those alternative provision do not apply in this case.

- 3 -

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on October 21, 2011. As a result, for AEDPA purposes, her state criminal judgment became final, and her federal limitations period therefore commenced, on January 19, 2012. See id. at 317-18. That one-year limitations period then expired on January 22, 2013,[13] unless the deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period. Although she subsequently filed a state post-conviction application on or after February 28, 2013, applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702

---

[13] The Court is aware that, because 2012 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was January 18, 2013. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year. See, e.g., United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009). Moreover, because the "anniversary date" of January 19, 2013, fell on a Saturday, the next day was a Sunday, and the following day was a federal holiday, the federal limitations period here was extended through the following Monday, January 22, 2013. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

(5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

The Court must next consider equitable tolling. The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that she is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court is aware that petitioner alleges that she is actually innocent[14] and that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). However, the Supreme Court took care to note: "We caution ... that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement

---

[14] See, e.g., Rec. Doc. 1, pp. 22-23.

unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Therefore, for an actual innocence claim to be credible, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, petitioner points to no such "new" evidence, and it is clear that an "unsupported declaration of [a petitioner's] innocence falls far short of meeting the threshold level of proof required to invoke an actual innocence or miscarriage of justice exception to AEDPA's statute of limitation." Johnson v. Rader, Civ. Action Nos. 13-2996 and 13-3677, 2014 WL 198165, at *7 (E.D. La. Jan. 16, 2014).

Because petitioner is not entitled to statutory tolling, and because she has not established that she is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, her federal application for *habeas corpus* relief had to be filed no later than January 22, 2013, in order to be timely. Her federal application was not filed until on or after May 23, 2014, and, therefore, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Catina Brown be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this eighteenth day of September, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.